UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x

MICHAEL DEL GIUDICE et al.,

        Plaintiffs,

    -v-                              No.  15 CV 7330-LTS-JCF

W. SCOTT HARLAN et al.,

        Defendants.

--------------------------------------------------------x

<u>MEMORANDUM OPINION AND ORDER</u>

Plaintiffs Michael Del Giudice, Weichert Enterprise II, LLC, Joseph Lambert, Warren Rubin, and Bernice Wollman (collectively, "Plaintiffs") bring this action against W. Scott Harlan, James Maiz, Shane Litts, and Willie Zapalac (collectively, "Defendants"), asserting claims for breach of contract.  The Court has jurisdiction of this action pursuant to 28 U.S.C. § 1332.

Before the Court is Plaintiffs' motion pursuant to Federal Rule of Civil Procedure 15 for leave to file a Third Amended Complaint ("TAC").  The Court has considered the parties' submissions carefully and, for the reasons stated below, Plaintiffs' motion for leave to amend is granted in part and denied in part.

<u>BACKGROUND</u>

The following facts drawn from the proposed Third Amended Complaint (docket entry no. 26, Exhibit B ("TAC")) are taken as true for purposes of the instant motion.  Material drawn from the Fourth Amended and Restated Operating Agreement of Rockland Capital, LLC

(the "OA") (docket entry no. 26, Declaration of Joseph Lambert, ¶ 1 & Ex. A (the OA)), which is integral to the TAC, is cited to that agreement.

Rockland Capital, LLC ("Rockland" or the "Company") is a limited liability company incorporated in Delaware.  At all times relevant to this litigation, Rockland was governed by the OA.

The OA stipulates how Rockland's Board of Directors is to distribute Rockland's profits to each member on an annual basis.  (OA § 1.)  The members of Rockland are divided into three classes: Class A-1, Class A-2, and Class B.  (Id. at § 1.)  After each fiscal year, Class A-1 members are entitled to receive the "Class A-1 Preference Amount," which is a sum determined by the Board after consideration of a recommendation made by the Preference Committee.  (Id.)  Class A-2 and Class B members are then entitled to distribution of any remaining monies on a "pro rata [basis] in accordance with their Percentage Interests [in Rockland], until the cumulative cash received by the Class A-2 Members and Class B Members equals 49% of the cumulative cash distributed."  (Id. at § 6.1(b).)  Defendants are Class A-1 Members and Directors of Rockland, and Plaintiffs are or were Class A-2 and Class B Members of Rockland.  (TAC ¶¶ 2-8.)

On July 30, 2015, Plaintiffs commenced this action, alleging principally that Defendants breached the OA in the course of setting the Class A-1 Preference Amount, and distributing that amount to the Class A-1 Members, for certain fiscal years.  (See docket entry no. 1, Complaint.)  Plaintiffs now seek to amend the operative Second Amended Complaint ("SAC") (docket entry no. 16) to add causes of action relating to alleged facts that post-date the SAC.

Proposed Third Cause of Action Relating to Non-Compete Provision

On October 12, 2015, after the initial Complaint was filed, Defendant Litts sent a Notice of Default to Plaintiff Del Giudice, alleging that Del Giudice had violated the non-compete provision of the OA.  (SAC ¶ 35.)  The letter asserted that Del Giudice's "involvement with both Carnegie Hudson Resources and Corinthian Capital Group and [Del Giudice's] participation in their respective transactions that fall within the definition of Competitive Business (as defined in the Operating Agreement) clearly violate the . . . Operating Agreement," and gave Del Giudice fifteen days to cure the violation to avoid having his interests in Rockland canceled and redeemed.  (Id.)  On November 4, 2015, Plaintiffs filed the operative Second Amended Complaint, which included a Third Cause of Action labeled "Declaratory Judgment to Determine No Default of Operating Agreement by Michael Del Giudice" that challenges the validity of the Notice of Default that Del Giudice received.  Subsequently, on November 6, 2015, Defendant Harlan, as President of Rockland, canceled all of Del Giudice's ownership interests in Rockland and redeemed them for $1 each.  (SAC ¶ 38.)  The proposed TAC amends the Third Cause of Action to seek damages as a result of this cancellation and redemption, replacing the declaratory judgment count relating to the Notice of Default.  (TAC ¶¶ 34-41.)

Proposed Fourth Cause of Action Relating to 2016 Class A-1 Distributions

On January 19, 2016, Defendants adopted, by written consent, a distribution of $3,387,000 as the Class A-1 Preference Amount for the 2015 Fiscal Year, which amount was distributed to the Class A-1 Members on January 22, 2016.  (TAC ¶ 43.)  Plaintiffs claim that setting the Class A-1 Preference Amount at this level violated the terms of Rockland's Compensation Policy (OA Ex. C) and the OA.  (TAC ¶¶ 45-47.)

Plaintiffs allege that the Compensation Policy "requires a recommendation to the Board by the Preference Committee, of the Class A-1 Preference Amount." (TAC ¶ 45.) The Compensation Policy also refers only to a Compensation Committee, and does not contain any reference to the Preference Committee. (See OA Ex. C.) However, the conflict of interest recusal provision of the OA itself provides, in connection with Class A-1 Preference Amount determination, that conflicts of interest of a Member or Director are waived "so long as [the Class A-1 Preference Amount] is calculated in accordance with the Compensation Policy." (OA § 7.6(c)(iii).) Plaintiffs allege that, because no recommendation by the Preference Committee was made, the Compensation Policy was violated and the Class A-1 Members were required to recuse themselves from determinations of the 2015 Fiscal Year Class A-1 Preference Amount.

Plaintiffs further allege that the Class A-1 Preference Amount for the 2015 Fiscal Year should have been set at the "50th percentile" – an apparent reference to the Compensation Policy's requirement that Class A-1 Members' salaries, which are set by the Compensation Committee, must be "no less than the 50th percentile and no more than the 75th percentile of employees with similar roles at similarly situated private equity firms." (OA Ex. C.) Plaintiffs allege that the 50th percentile amount was $2,344,000, that Rockland's performance was "below expectations", and that Defendants therefore improperly allocated themselves $1,043,000 more than permitted by the Operating Agreement when they set the Class A-1 Preference Amount above the 50th percentile amount in January 2016. (Id. at ¶¶ 44-45, 47.)

Plaintiffs' proposed Fourth Cause of Action is for breach of contract, based on these facts.

Proposed Fifth Cause of Action Relating to Indemnification

On November 20, 2015, Defendants "set a reserve in the Rockland 2016 Budget for paying the [Defendants'] legal expenses." (Id. at ¶ 50.) In the TAC's proposed Fifth Cause of Action, Plaintiffs allege that "[s]ection 7.10(b) of the Operating Agreement expressly prohibits Rockland Capital, LLC from paying litigation expenses of any member or officer defending an action, suit or proceeding commenced against him by the Company or any other Member of the company," and that Defendants' actions therefore violated the OA. (Id. at ¶ 51.) Plaintiffs further assert that Defendants engaged in "willful misconduct," which would preclude them from receiving any indemnification. (Id. at ¶ 54.) Section 7.10(b) refers specifically to advance payments of litigation expenses, however, and Plaintiffs do not, in any event, allege that Rockland has actually paid any amount to Defendants or their counsel in connection with the litigation of this action.

Proposed Sixth Cause of Action Relating to New York Office

The OA states generally that the Company "shall establish a place or places of business within or without the State of Delaware as determined by the Members." (OA § 2.3.) The OA also provides that Rockland "shall maintain at its principal places of business in The Woodlands, Texas, and New York, New York, and such other places as the Board [of Directors of Rockland] shall determine, books of account for the Company." (OA § 11.1(a).) Similar language appears in Section 11.2 of the OA. Plaintiffs' proposed Sixth Cause of Action asserts that Defendants adopted a resolution, effective September 30, 2015, to close Rockland's New York office in violation of Sections 11.1 and 11.2 of the OA. (TAC ¶ 57.)

<u>Proposed Seventh Cause of Action Relating to Company Information</u>

On December 23, 2015, Lambert "requested that defendant Scott Harlan provide the names and contact information for each of the limited partners" of two Rockland funds.  (<u>Id.</u> at ¶ 60.)  Lambert was not provided this information upon his request.  Plaintiffs' proposed Seventh Cause of Action asserts that this information "is required to be available to each of the Members and Directors of each entity," and that Defendants' failure to provide it to Lambert was a breach of the OA.  (TAC ¶¶ 59-60.)

DISCUSSION

Federal Rule of Civil Procedure 15 provides that the court may "permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented."  Fed. R. Civ. P. 15(d).  It also provides that "leave to amend shall be freely given when justice so requires."  Fed. R. Civ. P. 15(a); <u>see also</u> <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962).  If the plaintiff has "at least colorable grounds for relief," justice requires granting leave to amend.  <u>Ryder Energy Distribution Corp. v. Merrill Lynch Commodities Inc.</u>, 748 F.2d 774, 783 (2d Cir. 1984) (citation omitted).

The Second Circuit has held that "absent evidence of undue delay, bad faith or dilatory motive on the part of the movant, undue prejudice to the opposing party, or futility, Rule 15's mandate must be obeyed."  <u>Monahan v. New York City Dep't of Corrections</u>, 214 F.3d 275, 283 (2d Cir. 2000).  "The party opposing a motion to amend bears the burden of establishing that an amendment would be futile . . . .  A proposed amendment to a pleading would be futile if it could not withstand a motion to dismiss pursuant to Rule 12(b)(6)" of the Federal Rules of Civil Procedure.  <u>Ballard v. Parkstone Energy, LLC</u>, No. 06 CV 13099, 2008 WL 4298572, at *3

(S.D.N.Y. Sept. 19, 2008) (internal quotation marks and citations omitted).  Thus, "[l]eave to amend may be denied on grounds of futility if the proposed amendment fails to state a legally cognizable claim or fails to raise triable issues of fact."  AEP Energy Servs. Gas Holding Co. v. Bank of America, N.A., 626 F.3d 699, 726 (2d Cir. 2010) (citation omitted).

Under the Rule 12(b)(6) standard, the Court accepts as true the non-conclusory factual allegations in the complaint and draws all reasonable inferences in the plaintiff's favor. Roth v. Jennings, 489 F.3d 499, 501 (2d Cir. 2007).  When determining the sufficiency of a claim under Rule 12(b)(6), "a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint."  DiFolco v. MSNBC Cable LLC, 622 F.3d 104, 111 (2d Cir. 2010) (citations omitted); see also Chambers v. Time Warner, Inc., 282 F.3d 147, 152-53 (2d Cir. 2002) (documents integral to the complaint may be considered).  Here, because the OA is repeatedly referenced and cited in the TAC, the Court considers it integral to the TAC and appropriate for consideration in connection with this motion practice.

Third Cause of Action

Plaintiffs have proposed amending the Third Cause of Action, which in the SAC is one that seeks a declaratory judgment, to one that seeks damages arising from Harlan's cancellation and redemption of Del Giudice's ownership interests.  Defendants' response that these additional allegations are unnecessary is unavailing, as the new allegations substantively change the operative facts and the relief sought.  Plaintiffs' motion is granted with respect to the Third Cause of Action.

Fourth Cause of Action

Plaintiff's request for leave to add the proposed Fourth Cause of Action set forth in the TAC is denied as futile. The OA contains a provision that generally waives claims for breach of fiduciary duty against Members or Directors in connection with the determination of the Class A-1 Preference Amount, "so long as such amount as approved is calculated in accordance with the Compensation Policy." The Compensation Policy applies to determinations of "the current market salary and bonuses of the Class A-1 Members," it does not by its terms address the Class A-1 Preference Amount or the Preference Committee.[1] Rather, it contains requirements for how the Compensation Committee sets the annual "salary recommendation" to the Board for the Class A-1 Members.

Plaintiffs' first argument is that the Compensation Policy "require[d] a recommendation to the Board by the Preference Committee, of the Class A-1 Preference Amount," and because no such recommendation was made here, "the Class A-1 Members [were] required to recuse themselves when the Board determine[d] the Class A-1 Preference Amount." (See TAC ¶ 45.) This argument fails for two reasons. First, the requirement of a Preference Committee recommendation of the Class A-1 Preference Amount is contained in the OA, not the Compensation Policy. The Compensation Policy was therefore not violated based on the facts

---

[1]    In their reply papers, Plaintiffs cite extensively to facts contained in a supplemental declaration by Lambert, which are not contained in the TAC itself, arguing that the reference to "bonuses" in the opening paragraph of the Compensation Policy is actually a reference to the Class A-1 Preference Amount. As noted above, the Court's consideration of facts in connection with this motion is limited to the factual allegations contained in the TAC and its integrated documents, and it is inappropriate at this time for Plaintiffs to supplement that record with fact declarations. Moreover, Plaintiffs' reliance on extrinsic evidence to vary the plain language of the OA and the Compensation Policy appears to be foreclosed by the OA's integration clause. (OA § 12.9.)

Plaintiffs allege, and therefore the OA's waiver provision would not apply.  Second, Plaintiffs'

argument fails because the OA does not contain a mandatory recusal provision.  Rather, it

permits claims for breaches of fiduciary duty against Members or Directors if the Class A-1

Preference Amount is not calculated in accordance with the Compensation Policy.  Plaintiffs

have advanced no claim for breach of fiduciary duty here.

    Plaintiffs' second argument is that the Class A-1 Preference Amount for 2015

could not have been set higher than the 50th percentile "since Rockland Capital's performance

clearly has not met the Company's expectations."  (See TAC ¶ 45.)  This argument is similarly

unavailing.  Plaintiffs' premise is that the Compensation Policy's calculation methodology,

which by its terms applies to the Compensation Committee's calculation of salaries, is applicable

to the calculation of the Class A-1 Preference Amount through the waiver provision.  Assuming

without deciding that this is the case, Plaintiffs do not plead facts that indicate that the Class A-1

Preference Amount for 2015 was set in violation of the Compensation Policy's calculation

methodology.  The Compensation Policy's calculation methodology is discretionary, permitting

any figure "no less than the 50th percentile and no more than the 75th percentile" of similarly

situated private equity employees.  (See OA Ex. C.)  The Compensation Policy does not cabin

this discretion in cases of poor performance.  Accordingly, even crediting Plaintiffs'

interpretation of the Compensation Policy's applicability to calculation of the Class A-1

Preference Amount, they have not plead facts showing plausibly that the Compensation Policy's

methodology was not followed.

    The proposed Fourth Cause of Action therefore fails to state a claim upon which

relief may be granted and Plaintiffs' motion is denied insofar as it seeks to add the proposed

Fourth Cause of Action.

Fifth Cause of Action

Plaintiffs' proposed Fifth Cause of Action alleges that Defendants have breached

the OA's indemnification and advancement provisions by setting a legal expense reserve in

Rockland's 2016 budget.  Plaintiffs do not allege that Rockland is actually paying the legal

expenses of any Defendant, and accordingly have not alleged plausibly that any Defendant has in

fact been indemnified or advanced his litigation costs.  Plaintiffs therefore do not state a claim

for breach of the OA's indemnification provisions, and their motion for leave to add the

proposed Fifth Cause of Action is denied as futile.[2]


Sixth Cause of Action

Plaintiffs' proposed Sixth Cause of Action asserts that Defendants violated

Sections 11.1(a) and 11.2(a) of the OA by closing Rockland's New York office.  The plain

language of those contractual provisions requires Rockland to "maintain at its principal places of

business in The Woodlands, Texas, and New York, New York," certain books and records.

Because this provision arguably requires Rockland to maintain a place of business in New York,

Plaintiffs' allegations that Rockland closed its New York office, and accordingly no longer

maintains any books or records at that location, suffice to state a claim for breach of the OA.

Plaintiffs' motion for leave to add the proposed Sixth Cause of Action is therefore granted.

---

[2]     This holding is without prejudice to the litigation of any party's claim to
indemnification by Rockland after the final disposition of this litigation.  See Sun-
Times Media Grp., Inc. v. Black, 954 A.2d 380, 401-08 (Del. Ch. 2008) ("It is
generally premature to consider indemnification prior to the final disposition of
the underlying action.")

Seventh Cause of Action

Plaintiffs' proposed Seventh Cause of Action alleges breach of the OA based on Defendant Harlan's refusal to provide Plaintiff Lambert with certain information about the limited partners of two Rockland funds.  Plaintiffs do not, however, identify any provision of the OA that requires production of that information.  Plaintiffs' memorandum of law in support of their motion (docket entry no. 27 ("Pl. Mem.")) refers to the operating agreements of the funds (not the OA), but the TAC contains no allegations about the funds' operating agreements from which this Court could find that Plaintiffs have plausibly stated a claim for breach of contract.

Plaintiffs also point to Section 17-305 of the Delaware Limited Partnership Act (the "DLPA") in support of the proposed Seventh Cause of Action.  Plaintiffs also do not cite the DLPA in the TAC.  Even were the Court to construe the claim as invoking that statute, Section 17-305(e) plainly requires that "[a]ny action to enforce any right arising under this section shall be brought in the Court of Chancery."  This Court accordingly does not have jurisdiction to entertain Plaintiffs' claim under that Delaware statute, and leave to add the proposed Seventh Cause of Action is denied.

CONCLUSION

For the foregoing reasons, the Court grants Defendant's motion to amend as to the proposed Third and Sixth Causes of Action but denies Defendant's motion to amend as to the proposed Fourth, Fifth, and Seventh Causes of Action.  Plaintiff may file, by **November 16, 2016**, a Third Amended Complaint that conforms to this decision.

This Memorandum Opinion and Order resolves docket entry no. 25.

SO ORDERED.

Dated: New York, New York
November 2, 2016

_/s/ Laura Taylor Swain_
LAURA TAYLOR SWAIN
United States District Judge