UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x

MICHAEL DEL GIUDICE et al.,

        Plaintiffs,

    -v-                              No.  15 CV 7330-LTS-JCF

W. SCOTT HARLAN et al.,

        Defendants.

--------------------------------------------------------x

MEMORANDUM OPINION AND ORDER

        Plaintiffs Michael Del Giudice, Weichert Enterprise II, LLC, Joseph Lambert, Warren Rubin, and Bernice Wollman (collectively, "Plaintiffs") bring this action against W. Scott Harlan, James Maiz, Shane Litts, and Willie Zapalac (collectively, "Defendants"), asserting claims for breach of contract.  The Court has jurisdiction of this action pursuant to 28 U.S.C. § 1332.

        Before the Court is Defendants' objection pursuant to Federal Rule of Civil Procedure 72(a) to the September 22, 2016, Memorandum and Order of Magistrate Judge James C. Francis IV (docket entry no. 61 (the "Order")), which granted in part and denied in part Plaintiffs' motion to compel Defendants to produce documents from the law firm Bracewell LLP (formerly Bracewell & Giuliani LLP) ("Bracewell") that Defendants withheld as privileged.  The Court has considered the parties' submissions carefully and, for the reasons stated below, Defendants' objection is sustained in part and overruled in part.

BACKGROUND

The Court assumes the parties' familiarity with the factual background of this case and therefore will note only the following relevant facts, which are not in dispute.

Pursuant to the Fourth Amended and Restated Operating Agreement of Rockland Capital, LLC (the "Operating Agreement") (docket entry no. 8, Ex. B) Plaintiffs are or were Class A-2 and Class B Members of Rockland Capital, LLC ("Rockland").  Plaintiff Del Giudice was a Member and Director of Rockland during the events underlying much of the core of Plaintiffs' complaint, but his membership interest has since been terminated by Defendants; the other Plaintiffs remain Members.  (Order at 2 & n. 1.)  Plaintiffs Lambert and Weichert Enterprise II, LLC ("Weichert"), through its chief executive Gerald Crotty, were Directors.  (Id. at 2.)  Defendants are Class A-1 Members and Directors of Rockland.  (Id. at 2.)

Plaintiffs' first request for documents requested production of, inter alia, communications between Rockland and its counsel on a variety of topics.  (Id. at 6.)  Defendants objected to the production of their communications with Bracewell, asserting the attorney-client privilege as their basis for withholding over 170 responsive documents.  (Id. at 6-7.)  Those documents (referred to in the Order and hereinafter as the "Bracewell Documents") are the subject of this dispute.

The Order begins by conducting a choice-of-law analysis, concluding that a contractual choice-of-law provision contained in the Operating Agreement that specifies that Delaware law applies to the resolution of disputes under the agreement.  (Order at 10-11.)  The Order goes to apply Delaware privilege law to the dispute, framed as a question of whether Rockland, a corporation, may withhold documents from its own directors (namely, Plaintiffs Lambert and Crotty) on the basis of the attorney-client privilege.  (Id. at 11-16.)  The Order held

that Delaware privilege law did not permit the corporation to assert the privilege as against its own directors, and therefore concluded that Lambert and Crotty are entitled to production of the Bracewell Documents that Defendants withheld as privileged.  (Id. at 18.[1])  In a footnote, the Order also concluded that Defendants would be required to produce all withheld documents, even those relating to claims that were (at the time) only asserted in a proposed amended complaint.  (Id. at 18 n.6.)  After the Order was filed, this Court granted in part and denied in part Plaintiffs' motion for leave to file that proposed amended complaint.  Del Giudice v. Harlan, 2016 WL 6496255 (S.D.N.Y. Nov. 2, 2016) (Swain, J.).  Plaintiffs filed the Third Amended Complaint on November 16, 2016.  (Docket entry no. 106.)

## DISCUSSION

Section 636(b)(1)(A) of Title 28 of the U.S. Code authorizes a magistrate judge to hear and determine non-dispositive pretrial matters and further provides that, upon a timely objection, a district court judge "may reconsider any [non-dispositive] pretrial matter . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."  See 28 U.S.C.S. § 636(b)(1)(A) (LexisNexis 2001).  In this connection, Federal Rule of Civil Procedure 72(a) provides that, following a party's timely objection to a magistrate judge's order, "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a).

Defendants' first objection is to the Magistrate Judge's conclusion that

---

[1]     The Order held that the other named Plaintiffs did not have a right to production of the Bracewell Documents, and Plaintiffs' briefing before the Magistrate Judge made clear that only Plaintiffs Lambert and Crotty (as an officer of Weichert) sought to compel production of the Bracewell Documents.  (Order at 16 n.5.)

Delaware's law of privilege applies here.  The Magistrate Judge's application of a contractual choice-of-law provision to determine the governing law of privilege was not clearly erroneous or contrary to law.  Pursuant to Federal Rule of Evidence 501, "in a civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule of decision."  Because Delaware law was chosen by the parties to govern the contractual dispute that gave rise to this cause of action, Delaware's law of privilege applies to evidentiary disputes that arise in the course of litigating the contract claim.  See FPP, LLC v. Xaxis US, LLC, 2016 WL 1733466, at *2 (S.D.N.Y. Apr. 29, 2016) (Swain, J.).

Defendants do not assert in their objection that the Magistrate Judge erred in his interpretation of Delaware's privilege law, but do argue that it was error for the Magistrate Judge to permit discovery of documents relevant only to claims that have now been dismissed from this litigation pursuant to this Court's ruling on Plaintiffs' motion for leave to amend.  This aspect of Defendants' objection is sustained.  The Court's power to compel discovery is derived from Federal Rule of Civil Procedure 26(b)(1), which limits discovery to "any nonprivileged matter that is relevant to any party's claim or defense."  Plaintiffs may have a contractual right of access to all of the Bracewell Documents, but the mechanism for enforcement of that right is not discovery in this action; here, pursuant to Rule 26(b)(1), Plaintiffs are entitled only to those documents relevant to the causes of action asserted in the operative Third Amended Complaint.[2]

_____

[2]     Plaintiffs' argument that Defendants' inclusion of documents that are now arguably irrelevant on their privilege log operates to waive the objection as to relevance is unavailing.  The inclusion of a document on a privilege log because it was responsive to a document request does not override Rule 26(b)(1)'s core requirement of relevance.  See Devins v. Lazoff, 2012 WL 1080182 (S.D.N.Y. Mar. 30, 2012) (declining to order production of documents included on a privilege log that were not relevant to the plaintiff's claims).

<u>C</u><u>ONCLUSION</u>

For the foregoing reasons, the Court sustains in part and overrules in part Defendants' objection to the Order.  The Order is modified to require production to Plaintiffs Lambert and Crotty of the Bracewell Documents relevant to the claims in the Third Amended Complaint, and is otherwise upheld.

This case remains referred to Magistrate Judge Francis for general pre-trial management.

SO ORDERED.

Dated: New York, New York
       November 21, 2016

                                              /s/ Laura Taylor Swain
                                              LAURA TAYLOR SWAIN
                                              United States District Judge