```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -:
MICHAEL DEL GIUDICE, WEICHERT         :   15 Civ. 7330 (LTS) (JCF)
ENTERPRISE II, LLC, JOSEPH LAMBERT,   :
WARREN RUBIN, and BERNICE WOLLMAN,    :       MEMORANDUM
                                      :       AND ORDER
                Plaintiffs,           :
                                      :
     - against -                      :
                                      :
W. SCOTT HARLAN, JAMES MAIZ, SHANE    :
LITTS, and WILLIE ZAPALAC,            :
                                      :
                Defendants.           :
- - - - - - - - - - - - - - - - - - -:
```

JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Each of the parties in this case is a member of Rockland Capital, LLC ("Rockland"), a private equity fund manager. The plaintiffs allege, among other things, that the defendants breached Rockland's Operating Agreement by making certain distributions. The plaintiffs now move for an order precluding the defendants from calling at trial seven witnesses -- Peter Van Raalte, C. Kenneth Clay, Tony Pucillo, Gerson Guzman, Adam Fitzner, Jason Ghoshhajira, and Jackson Yang (the "Disputed Witnesses") -- on the ground that these individuals were not identified in the defendants' initial disclosures. The motion is granted in part and denied in part.

Background

As the relationship among the parties deteriorated, the defendants sent one of the plaintiffs, Michael Del Giudice, a

1

Notice of Default, accusing him of breaching a term of the Operating Agreement that prohibits members of Rockland from participating in competing businesses. (Third Amended Complaint ("TAC"), ¶ 32; Notice of Default dated Oct. 9, 2015 ("Notice of Default"), attached as Exh. B to Declaration of Joshua B. Katz dated Jan. 11, 2017 ("Katz Decl.")). Specifically, the Notice of Default alleged that Mr. Del Giudice violated the non-compete provision through his involvement with Carnegie Hudson Resources and Corinthian Capital Group ("Corinthian Capital"). (TAC, ¶ 32; Notice of Default). Accordingly, one of the causes of action in the complaint seeks a declaratory judgment that Mr. Giudice did not violate the Operating Agreement. (TAC, ¶¶ 31-38).

On January 4, 2016, the parties exchanged initial disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure. Both the plaintiffs and the defendants identified Steven J. Kumble, Chairman of Corinthian Capital Group, LLC, as a witness likely to have discoverable information about Corinthian Capital and Mr. Del Giudice's relationship to that entity. ([Plaintiffs'] Rule 26(a)(1) Initial Disclosures, attached as Exh. F to Katz Decl., ¶ I; Initial Disclosures of Defendants W. Scott Harlan, James Maiz, Shane Litts and Willie Zapalac, attached as Exh. G to Katz Decl., ¶ 1(k)). On September 21, 2016, the defendants took the deposition of Mr. Kumble, both as an individual and as a designee of Corinthian Capital pursuant to Rule 30(b)(6). (Deposition of

Steven Kumble, attached as Exh. I to Katz Decl.; Katz Decl., ¶ 4; Deposition Notice to Corinthian Capital Group, LLC, attached as Exh. 3 to Plaintiffs' Memorandum of Law in Support of Their Motion to Preclude Defendants' Addition of Witnesses and for Attorney's Fees and Costs ("Pl. Memo.")).  Discovery closed two days later.  (Order dated Aug. 4, 2016).

So things remained until December 13, 2016, when counsel exchanged proposed designations of exhibits and witnesses.  The defendants' list included the seven Disputed Witnesses, all of whom are officers or employees of Corinthian.  (Email from Joshua B. Katz dated Dec. 13, 2016 ("Katz 12/13/16 email"), attached as part of Exh. K to Katz Decl.).  Defendants' attorney suggested that testimony of these new witnesses "could be obviated by some simple factual stipulations," which he would propose shortly.  (Katz 12/13/16 email).  The plaintiffs declined the defendants' invitation to enter into a stipulation, objected to the Disputed Witnesses, and filed the instant motion.  (Letter of Douglas A. Kellner dated Dec. 23, 2016, attached as Exh. 4 to Pl. Memo.).

In the course of briefing the motion, the defendants shed some additional light on the rationale for identifying the Disputed Witnesses.  According to defendants' counsel, Mr. Kumble had turned out to be an unsatisfactory witness:

> While Mr. Kumble was able to answer some questions about the four portfolio companies, he was unable to answer many others, and sometimes testified that others at

3

> Corinthian would know the answers. Further, at some points in his testimony it appeared that Mr. Kumble may have been guessing or reading from a document rather than testifying from personal knowledge.

(Katz Decl., ¶ 5). Defendants' counsel therefore turned to other sources of information:

> While preparing our list of trial witnesses in December 2016, I became concerned about Mr. Kumble's ability to give complete testimony about the Corinthian portfolio companies at trial. Accordingly, I visited Corinthian's web site, www.corinthiancap.com, and clicked on the "Team" link on its home page. The Team section listed four members of the "Investment Committee" (including Kumble) and four additional "Investment Professionals."

(Katz Decl., ¶ 6) (citation omitted). The Disputed Witnesses are the seven additional persons identified from the web site.

Discussion

A. Preclusion

Pursuant to Rule 26(a)(1), each party must, "without awaiting a discovery request," identify "each individual likely to have discoverable information -- along with the subjects of that information -- that the disclosing party may use to support its claims or defenses." Fed. R. Civ. P. 26(a)(1)(A). Furthermore, the rules create an obligation to supplement initial disclosures. A party must supplement its disclosures under Rule 26(a) "if the party learns that in some material respect the information disclosed is incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed.

R. Civ. P. Fed. 26(e)(1).

The defendants have not met these obligations. They did not identify the seven Disputed Witnesses in their initial disclosures. Nor, when they purportedly determined that Mr. Kumble lacked complete information, did they supplement their disclosure in a timely fashion. Nor did they complain at the time of Mr. Kumble's deposition that he was not a properly prepared witness under Rule 30(b)(6). Instead, they waited until after the close of discovery, after summary judgment motions had been filed, and after the parties had begun preparing the pretrial order to identify the Disputed Witnesses.

Pursuant to Rule 37(c)(1),

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

Fed. R. Civ. P. 37(c)(1); see Lujan v. Cabana Management, Inc., 284 F.R.D. 50, 72-73 (E.D.N.Y. 2012); Fetisov v. AY Builders, Inc., No. 10 CV 3683, 2012 WL 213770, at *1-2 (E.D.N.Y. Jan. 24, 2012); Serin v. Northern Leasing Systems, Inc., No. 06 Civ. 1625, 2010 WL 6501661, at *1-2 (S.D.N.Y. Oct. 26, 2010); Kullman v. New York, No. 07-CV-716, 2009 WL 1562840, at *5 (N.D.N.Y. May 20, 2009); Schiller v. City of New York, Nos. 04 Civ. 7922, 04 Civ. 7921, 2007 WL 735010, at *2-3 (S.D.N.Y. March 12, 2007). In determining whether it should exercise its discretion and preclude evidence,

a court must consider:

> (1) the party's explanation for the failure to comply with the [disclosure requirement]; (2) the importance of the testimony of the precluded witness[es]; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance.

Patterson v. Balsamico, 440 F.3d 104, 117 (2d Cir. 2006) (alterations in original) (quoting Softel, Inc. v. Dragon Medical & Scientific Communications, Inc., 118 F.3d 955, 961 (2d Cir. 1997)).  The imposition of an order of preclusion does not require a showing of bad faith on the part of the offending party. Design Strategy, Inc. v. Davis, 469 F.3d 284, 296 (2d Cir. 2006).

Here, the first Patterson factor clearly favors preclusion. The defendants' "explanation" for failing to identify the witnesses in a timely manner is that the witness they had identified from the outset, Mr. Kumble, turned out to be less favorable than they had hoped.  (Katz Decl., ¶¶ 5-6).  But accepting such an excuse would undermine Rule 26(a)(1); there would be no limit on parties pointing to some shortcoming in their disclosed evidence as a justification for substituting better witnesses on the eve of trial.

The lack of importance of the proposed testimony likewise argues for precluding the Disputed Witnesses.  The defendants themselves downplay the significance of their testimony: "[W]e believed at the time (and still believe today) that it is unlikely

6

we will need to call any of these witnesses, because their testimony would consist solely of basic background information about four Corinthian portfolio companies, none of which has ever remotely been in dispute." (Katz Decl., ¶ 7). Thus, a preclusion order would not adversely impact the ultimate fairness of the fact-finding process.

On the other hand, the plaintiffs would be prejudiced if these witnesses were not precluded. They would be faced with the unpalatable alternatives of expending additional resources to take multiple depositions or going to trial with little inkling of what these witnesses might say or how it might differ from what Mr. Kumble has already testified to.

Finally, while a continuance could be granted, it would be disruptive. Though no trial date has been set, discovery has closed, summary judgment motions are under consideration, and a final pretrial conference has been scheduled. See Wu v. Metro-North Commuter Railroad Co., No. 14 Civ. 7015, 2016 WL 5793971, at *9 (S.D.N.Y. Aug. 4, 2016) ("The close of discovery counsels strongly against the granting of a continuance." (citing Design Strategy, 469 F.3d at 297)).

On balance, then, the relevant considerations support precluding the testimony of the Disputed Witnesses, who were not properly identified either in the defendants' initial disclosures or in any timely supplemental disclosures.

7

B. Attorneys' Fees

Under Rule 37(c)(1), in addition to or instead of precluding evidence that was not timely disclosed, the court "may order payment of the reasonable expenses, including attorney's fees, caused by the failure." Fed. R. Civ. P. 37(c)(1)(A). Here, I will exercise my discretion not to impose fees. Had the plaintiffs been put through discovery with respect to the Disputed Witnesses, I might do otherwise. The burden, however, has been limited to the work performed on a relatively straightforward motion.

Conclusion

For the reasons discussed, plaintiffs' motion (Docket no. 133) is granted to the extent that the defendants are precluded from presenting the testimony of Peter Van Raalte, C. Kenneth Clay, Tony Pucillo, Gerson Guzman, Adam Fitzner, Jason Ghoshhajira, or Jackson Yang; plaintiffs' application for an award of attorneys' fees and costs in connection with the motion is denied.

SO ORDERED.

*James C. Francis IV*
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated:   New York, New York
         February 10, 2017

Copies transmitted via ECF this date:

Douglas A. Kellner, Esq.
Thomas P. Vandenabeele, Esq.
Kellner Herlihy Getty & Friedman LLP
470 Park Ave., 7th Floor
New York, NY 10016

Jack A. Gordon, Esq.
Joshua B. Katz, Esq.
Kent, Beatty & Gordon, LLP
Eleven Times Sq.
New York, NY 10036